UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELETTRA MEEKS, et al., <br><br>   Plaintiffs, <br><br>   v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., et al., <br><br>   Defendants. | Case No.  21-cv-03266-VC <br><br> **ORDER DENYING MOTION TO COMPEL UPON RECONSIDERATION** <br><br> Re: Dkt. Nos. 20, 54 |

When the plaintiffs signed up for the CreditWorks service, they agreed to its Terms of Use, which contained an arbitration clause. Experian Information Solutions (Experian) attempted to enforce this arbitration clause against the plaintiffs, but its motion was denied because it was not a party to the underlying contract. Upon reconsideration, the Court reaffirms its prior holding. Experian's motion to compel arbitration is denied.

**I**

On August 31, 2021, the Court denied Experian's motion to compel arbitration. The Court found that Experian was not a party to the relevant contract—the CreditWorks Terms of Use—and therefore could only enforce its arbitration clause as a third-party beneficiary. But Experian had forfeited the argument that it was a third-party beneficiary. On September 7, 2021, Experian filed a motion for leave to file a motion for reconsideration, arguing that the Court had failed to consider the legal argument that the arbitration clause was a "contract within a contract" and therefore "severable" from the remainder of the Terms of Use. The Court ordered the plaintiffs to respond. On September 30, the Court granted Experian's motion, effectively vacating its prior denial of Experian's motion to compel arbitration. The Court now considers the

merits of Experian's argument.

**II**

The crux of Experian's argument is that an arbitration clause is a "contract within a contract" and therefore must be analyzed separately from the contract in which it is contained. In support of its position, Experian relies upon a line of cases in which the Supreme Court announced a "severability" rule of arbitration provisions. *See Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 403–04 (1967); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–49 (2006); *Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63, 70–72 (2010). But these cases do not stand for the proposition that an arbitration clause is a standalone contract. Rather, they concern when and how a party to a contract with an arbitration clause may challenge the contract's validity.

In *Prima Paint*, for example, the Court held that an arbitrator—not a court—must resolve a claim of "fraud in the inducement" of a contract, where the fraud claim was brought against the contract generally, and not the arbitration clause specifically. *Prima Paint*, 388 U.S. at 403–04. The Court affirmed this principle in *Buckeye*, finding that the question of whether a contract was void for illegality (due to usurious interest rates) must be considered by the arbitrator, not the court. 546 U.S. at 449. This principle has been described as a rule of "severability": an arbitration clause is "severable" from the remainder of the contract in the sense that revocation defenses (such as claims of unconscionability, fraud, or illegality) do not render an arbitration clause unenforceable unless the defense is directed specifically at the arbitration clause itself—not the contract as a whole. In other words, "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Center*, 561 U.S. at 70; *see also Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015) (recognizing that, "just like in *Rent-A-Center*, multiple severable arbitration agreements exist" and therefore the question of the contract's unconscionability must go to the arbitrator). This severability rule is simply not relevant here, as the plaintiffs are not attempting to argue that the contract (or its arbitration clause) is unenforceable. Rather, the

plaintiffs argue that the arbitration clause may not be enforced by Experian.

### III

In general, an arbitration clause "may not be invoked by one who is not a party to the agreement." *Britton v. Co-op Banking Group*, 4 F.3d 742, 744 (9th Cir. 1993). A non-party may, however, enforce an arbitration clause under state contract law theories that permit non-parties to enforce a contract, such as equitable estoppel, agency, or third-party beneficiary. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013); *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1229 (9th Cir. 2013). The enforceability of an arbitration clause is therefore a two-step process. First, the Court must consider whether the movant is a party to the contract in which the arbitration clause is contained. If it is not, the court must consider whether the movant can nonetheless enforce the arbitration clause as a non-party. *See Revitch v. DirecTV*, 977 F.3d 713, 716 & n.2 (9th Cir. 2020).

Experian argues that this two-step process is not required because courts frequently permit non-signatories to a contract to enforce its arbitration clause without conducting the analysis required by step two. To begin, many of the cases that Experian cites do not support its argument, as they involve situations in which the court found that the moving party *was* a party to the contract before granting the motion to compel arbitration. *See Keselitz v. hiSoft Technology International Ltd.*, 2013 WL 622382, *6–7 (N.D. Cal. 2013); *Clemons v. Midland Credit Management*, 2019 WL 3336421, *4 (D.N.J. July 25, 2019); *Wang v. Bear, Stearns & Co.*, 2009 WL 10675213, at *1 (C.D. Cal. Nov. 12, 2009). But Experian does have a point: courts have not always been careful in conducting this analysis, and sometimes elide the question of whether the movant is a party to the contract or merely a third-party beneficiary of the arbitration clause. *See, e.g.*, *Belyea v. GreenSky, Inc.*, 2021 WL 1338552, at *3 (N.D. Cal. Apr. 9, 2021); *Sanzone-Ortiz v. Aetna Health of California, Inc.*, 2015 WL 9303993, at *6 (N.D. Cal. Dec. 22, 2015); *George v. Rushmore Service Center, LLC*, 2020 WL 2319293, at *2 (D.N.J. May 11, 2020). More persuasive, however, are the decisions that explicitly run through this two-step analysis before permitting a non-signatory to enforce an arbitration clause. *See, e.g.*, *Murphy v.*

*DirecTV, Inc.*, 724 F.3d 1218, 1229–34 (9th Cir. 2013); *Kaselitz*, 2013 WL 622382, *6–7 (N.D. Cal. Feb. 15, 2013); *McCarthy v. Toyota Motor Corp.*, 2020 WL 6156583, *3 (C.D. Cal. Oct. 20, 2020).

Here, the Terms of Use Agreement is a contract between the plaintiffs and ConsumerInfo.com—not Experian. The Agreement specifies that, "[f]or purposes of this Agreement, the terms 'we,' 'us' or 'ECS' refer to ConsumerInfo.com, Inc., . . . its predecessors in interest, successors and assigns, and any of its third party service providers . . . ." Dkt. No. 20-2 at 47. Experian does not fall within this definition and is therefore not a party to the agreement. The arbitration clause sweeps more broadly, providing that, "[f]or purposes of this arbitration provision, references to 'ECS,' 'you,' and 'us' shall include our respective parent entities, subsidiaries, affiliates . . . agents, employees, predecessors in interest, successors and assigns . . . ." *Id.* at 54. It may well be the case that all corporate affiliates of ConsumerInfo.com, Inc. can enforce the arbitration provision as third-party beneficiaries. However, Experian has not made this argument—in fact, it expressly declined to do so in its reply brief. Dkt No. 50. Experian has therefore not met its "burden of proving that it is a third-party beneficiary" of the Agreement. *Murphy*, 724 F.3d at 1233. Therefore, Experian's motion to compel arbitration is denied.

**IT IS SO ORDERED.**

Dated: November 5, 2021

VINCE CHHABRIA
United States District Judge