John A. Vogt (State Bar No. 198677)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
(T) 949-851-3939
(F) 949-553-7539
javogt@jonesday.com

Attorneys for Defendant
Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELETTRA MEEKS, JOSEPH DELACRUZ, STEPHANIE LAGUNA, AMBER LEONARD, and BECKY WITT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.: MIDWEST RECOVERY SYSTEMS, LLC; and CONSUMER ADJUSTMENT COMPANY, INC.,<br><br>Defendants. | Case No. 3:21-cv-03266-VC<br><br>Assigned to: Judge Vince Chhabria<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE** |

## <u>**TABLE OF CONTENTS**</u>

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

    I.      EIS DID NOT FORFEIT ITS THIRD-PARTY BENEFICIARY BASIS
           TO COMPEL THIS MATTER TO ARBITRATION ............................................ 3

    II.     EIS DID NOT WAIVE ITS RIGHT TO COMPEL ARBITRATION................8

    III.    EIS'S MOTION IS NOT BARRED BY LAW OF THE CASE ............................ 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adams v. AT&T Mobility, LLC*,
  524 F. App'x 322 (9th Cir. 2013) ...........................................................5

*Armstrong v. Michaels Stores, Inc.*,
  No. 17-cv-06540-LHK, 2018 WL 6505997 (N.D. Cal. Dec. 11, 2018) ....................8

*Bayco Prod., Inc. v. ProTorch Co., Inc.*,
  No. 4:19-cv-00648-ALM, 2020 WL 2574626 (E.D. Tex. May 21, 2020) ................5

*Belyea v. GreenSky, Inc.*,
  Case No. 20-cv-01693-JSC, 2021 WL 1338552 (N.D. Cal. Apr. 9, 2021) ..............5

*Benson v. Casa De Capri Enters. LLC*,
  No. CV-18-00006, 2019 WL 3430159 (D. Ariz. July 30, 2019) .....................2, 4, 7

*Bernal v. Southwestern & Pacific Specialty Finance, Inc.*,
  No. C 12-05797 SBA, 2014 WL 1868787 (N.D. Cal. May 6, 2014)......................2

*Carrillo v. ROICOM USA, LLC*,
  486 F. Supp. 3d 1052 (W.D. Tex. 2020)....................................................5

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)..........................................................................3

*Clemons v. Midland Credit Management, Inc.*,
  1:18-cv-16883-NLH-AMD, 2019 WL 3336421 (D.N.J. July 25, 2019) ................5

*Dillon v. BMO Harris Bank, N.A.*,
  787 F.3d 707 (4th Cir. 2015)........................................................ *passim*

*Doe v. Trump Corp.*,
  6 F.4th 400 (2d Cir. 2021).................................................................8

*Dytch v. Yoon*,
  No. C-10-02915-MEJ, 2011 WL 839421 (N.D. Cal. Mar. 7, 2011).....................6

*George v. Rushmore Service Center, LLC*,
  18-cv-13698, 2020 WL 2319293 (D.N.J. May 11, 2020)..............................5

*Green v. Serv. Corp. Int'l*,
   333 F. App'x 9 (5th Cir. 2009) ............................................................5

*Kaselitz v. hiSoft Tech. Int'l, Ltd.*,
   2013 WL 622382 (N.D. Cal. Feb. 15, 2013) ............................................5

*Koerner v. Grigas*,
   328 F.3d 1039 (9th Cir. 2003) .........................................................6, 8

*Lucas v. Hertz Corp.*,
   875 F. Supp. 2d 991 (N.D. Cal. 2012) ............................................2, 4, 7

*Maxit Designs, Inc. v. Coville, Inc.*,
   No. CIV. S-05-1040 WBS DAD, 2006 WL 2734366 (E.D. Cal. Sept. 25, 2006) ...............2, 4

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*,
   473 U.S. 614 (1985) ............................................................2

*Newirth v. Aegis Senior Communities*,
   LLC, 931 F.3d 935 (9th Cir. 2019) ....................................................8

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
   627 F.3d 402 (9th Cir. 2010) .........................................................3

*Ridgeway v. Nabors Completion & Prod. Servs. Co.*,
   725 F. App'x 472 (9th Cir. 2018) .....................................................5

*Ruiz v. Affinity Logistics Corp.*,
   667 F.3d 1318 (9th Cir. 2012) ........................................................8

*Sanzone-Ortiz v. Aetna Health of California, Inc.*,
   No. 15-cv-03334-WHO, 2015 WL 9303993 (N.D. Cal. Dec. 22, 2015) ...................5

*Sec. Inv. Protection Corp. v. Vigman*,
   74 F.3d 932 (9th Cir. 1996) .........................................................10

*Smith v. Rent-A-Center, Inc.*,
   No. 18-cv-01351, 2019 WL 3004160 (E.D. Cal. July 10, 2019) ....................2, 4, 7

*Soto v. O.C. Commc'ns, Inc.*,
   No. 17-cv-00251, 2018 WL 10534324 (N.D. Cal. Nov. 21, 2018) ....................2, 4, 7

*United States v. Gamma Tech Indus., Inc.*,
   265 F.3d 917 (9th Cir. 2001) ........................................................6

1

2

*United States v. Park Place Assocs., Ltd.*,
     563 F.3d 907 (9th Cir. 2009)........................................................................................3

*Wang v. Bear, Stearns & Co.*,
     2009 WL 10675213 (C.D. Cal. Nov. 12, 2009)...........................................................5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

"[N]o authority—not the FAA, the Federal Rules of Civil Procedure, or any other source of law of which we are aware—limits a party to only one motion under §§ 3 or 4 of the FAA." *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 715 (4th Cir. 2015). Accordingly, when this Court took the unexpected step (contrary to a substantial body of decisional law) of holding that EIS could not *directly* enforce the Arbitration Agreement, it was entirely proper for EIS to file a renewed motion invoking the alternative legal theory that this Court identified as more analytically sound.

Plaintiffs' motion to strike is baseless, and amounts to "gotcha" litigation. Nobody doubts that EIS had a reasonable basis for framing its initial motion as it did; even this Court agreed that EIS "ha[d] a point" in doing so, in reliance on considerable authority. ECF No. 58, at 3. The alternative theory that this Court identified and EIS invoked in its renewed motion (the third-party beneficiary doctrine) rests on the identical contractual terms; the only difference is the label. And there is no serious argument that Plaintiffs are not bound to arbitrate their claims against EIS, on one ground or the other. This Court should adjudicate the renewed motion on its merits.

None of Plaintiffs' arguments in their motion to strike withstands scrutiny. To start, the law-of-the-case doctrine plainly does not apply to foreclose arguments that this Court did not previously address. Or, as the Fourth Circuit put it, because EIS's renewed motion "present[s] different issues than did the Initial Motion[], [a] district court [can]not [] rel[y] on the law of the case doctrine to deny the Renewed Motion[]." *Dillon*, 787 F.3d at 715.

Nor is there any plausible ground to claim that EIS waived its right to arbitrate. Waiver requires an *intentional abandonment* of a right. EIS has, to the contrary, been persistent in invoking its right to arbitrate. It initially did so based on the direct ground that many courts have accepted. Once this Court charted a different analytical path, EIS promptly and diligently responded by taking up that alternative ground. That is the *opposite* of waiver.

OPPOSITION TO MOTION TO STRIKE
Case No. 4:21-cv-0326-VC

That leaves only forfeiture.  But as *Dillon* explains, the law *allows* successive motions to compel arbitration.  This Court permits such motions.  *E.g.*, *Soto v. O.C. Commc'ns, Inc.*, No. 17-cv-00251, 2018 WL 10534324, at *2 (N.D. Cal. Nov. 21, 2018) (Chhabria, J.).  So do other courts in this Circuit.[1]  When there neither is a deadline nor a "one-shot" rule, forfeiture is inapposite.  That is why a party who files an early summary judgment motion does not forfeit its right to later seek summary judgment on other grounds (at least absent a local rule restricting the number of such motions that a party may file).  The situation here is the same.  EIS sought arbitration on the ground it reasonably believed was most appropriate; when the Court disagreed, EIS permissibly shifted gears; and none of this has caused any prejudice to Plaintiffs or the progress of the litigation.  Even if that *did* count as forfeiture, that doctrine is discretionary, and this is precisely the type of scenario where the argument, in fairness, ought to be considered on its merits.

Finally, the backdrop is the "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 631 (1985).  As the Fourth Circuit emphasized in *Dillon*, procedural rules like forfeiture must be applied in a manner "consistent with 'Congress's clear intent ... to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'"  787 F.3d at 715 n.7 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).  Like there, Plaintiffs here ask this Court to "impermissibly den[y] the Renewed Motion[] without considering [its] merits," rather than "resolving 'any doubts ... in favor of arbitration.'"  *Id*. at 716 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25).

---

[1] *See*, *e.g.*, *Lucas v. Hertz Corp.*, 875 F. Supp. 2d 991, 997–98 & n.6 (N.D. Cal. 2012); *Benson v. Casa De Capri Enters. LLC*, No. CV-18-00006, 2019 WL 3430159, at *2–3 (D. Ariz. July 30, 2019); *Smith v. Rent-A-Center, Inc.*, No. 18-cv-01351, 2019 WL 3004160, at *3 (E.D. Cal. July 10, 2019); *Maxit Designs, Inc. v. Coville, Inc.*, No. CIV. S-05-1040 WBS DAD, 2006 WL 2734366, at *5 n.6 (E.D. Cal. Sept. 25, 2006); *Bernal v. Southwestern & Pacific Specialty Finance, Inc.*, No. C 12-05797 SBA, 2014 WL 1868787, at *1 n.1 (N.D. Cal. May 6, 2014).

OPPOSITION TO MOTION TO STRIKE
Case No. 4:21-cv-0326-VC

For all of these reasons, the motion to strike should be denied, and this Court should instead order Plaintiffs to respond to the renewed motion and set a briefing schedule for doing so.

### ARGUMENT

Although a court can sometimes invoke its inherent authority "to strike items from the docket as a sanction for litigation conduct," *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010), such authority "must be exercised with restraint and discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).   As explained further below, EIS's meritorious and procedurally proper motion in no way amounts to "abus[ing] the judicial process" or other misconduct that might call for striking its filing.  *Chambers*, 501 U.S. at 44.

## I.   EIS DID NOT FORFEIT ITS THIRD-PARTY BENEFICIARY BASIS TO COMPEL THIS MATTER TO ARBITRATION

Plaintiffs argue that EIS's renewed motion should be struck because EIS "forfeited" its right to compel arbitration as a third-party beneficiary.  ECF No. 63, at 5.  Similarly, in its order setting briefing on Plaintiffs' motion to strike, this Court suggested that EIS had "clearly forfeited" its third-party-beneficiary argument.  ECF No. 66, at 1.  Respectfully, that is incorrect.  Forfeiture is "the failure to make the timely assertion of [a] right."  *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 n.10 (9th Cir. 2009).  But there is nothing untimely about the renewed motion here, which was promptly filed less than two weeks after this Court denied reconsideration of EIS's initial motion to compel arbitration.  As the Fourth Circuit explained in a similar case, "den[ying] the Renewed Motion[] without considering [its] merits" on forfeiture grounds is "inconsistent with the 'emphatic federal policy in favor of arbitral dispute resolution.'"  *Dillon*, 787 F.3d at 715.

Courts allow renewed motions to compel arbitration to correct evidentiary gaps, bolster insufficiently developed arguments, or otherwise correct perceived shortcomings in an initial motion.  The Fourth Circuit's decision in *Dillon* provides an excellent example.  In vacating and remanding the denial of a successive motion to compel, the Fourth Circuit rejected the district

court's decision insofar as it was premised on the idea that the defendants "had only one opportunity to invoke the FAA's enforcement mechanisms." *Id.*  "[N]o authority—not the FAA, the Federal Rules of Civil Procedure, or any other source of law of which [it] [was] aware—limits a party to only one motion under §§ 3 or 4 of the FAA." *Id.*  As the court noted, "the FAA lists only one circumstance under which a party may lose the right to compel arbitration"—namely, when it is "'in default in proceeding with such arbitration.'" *Id.* (quoting 9 U.S.C. § 3).[2]  The Fourth Circuit thus held that the district court had reversibly erred by holding that the defendants could not file a renewed motion to compel arbitration after their initial one had failed. *Id.* at 715 & n.7.

   *Dillon* does not stand alone.  Courts in this Circuit have regularly allowed defendants to file renewed motions to compel arbitration, whether to cure "inadequate" briefing of legal issues, *Soto*, 2018 WL 10534324, at *2, to fix evidentiary gaps in the party's original motion, *Lucas*, 875 F. Supp. 2d at 997 n.6; *Smith*, 2019 WL 3004160, at *3; *Maxit*, 2006 WL 2734366, at *5 n.6, or to raise legal grounds not previously briefed, *Benson*, 2019 WL 3430159, at *2–3 (equitable estoppel rather than assignment).  As noted in *Smith*, the "Defendant is correct that the Court's ruling on its previous motion [to compel arbitration] did not preclude it from bringing the instant motion [to compel arbitration]," explaining that this conclusion "is supported by other district court cases." *Smith*, 2019 WL 3004160, at *3 (citations omitted).

   In light of this precedent establishing that parties are not limited to a single motion to compel arbitration, EIS's renewed motion is procedurally permissible, not forfeited.  EIS's initial motion sought to compel arbitration as a party to the Arbitration Agreement contained within the Terms of

---

   [2] *Dillon* also emphasized that even if a court or local rule imposed a limit on the number of motions to compel arbitration that could be filed in a particular case, "[a] court reviewing such an instruction would likely consider whether that instruction w[as] consistent with 'Congress's clear intent ... to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'"  *Dillon*, 787 F.3d at 715 n.7 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22).

Use, because courts throughout the United States have authorized such enforcement under similar contractual circumstances.[3]  In their opposition to the initial motion, Plaintiffs claimed that EIS did not qualify as a party to the contract, and could not claim, for the first time in reply, that it was a third-party beneficiary (arguing that the argument was "waived").  *See* ECF No. 39, at 5, 9–19.  In reply, EIS appropriately stood behind its original argument that it was a party to the Arbitration Agreement, correctly reasoning that its possible status as a third-party beneficiary was "irrelevant" to whether it is a *party* to the agreement.  ECF No. 50, at 2, 6.  This Court, however, disagreed that EIS could directly enforce as party.  ECF No. 53, at 1.

EIS promptly and successfully moved for reconsideration, with the Court noting it would "issue a revised ruling" later.  ECF No. 57, at 1.  Upon reconsideration, the Court acknowledged that EIS "ha[d] a point" in moving to compel arbitration directly as a party because, in the Court's view, some courts have "not always been careful" in distinguishing between parties and third-party beneficiaries in such circumstances and have "elide[d] the question of whether the movant is a party to the contract or merely a third-party beneficiary of the arbitration clause."  ECF No. 58, at 3; *see id.* (identifying at least three cases supporting EIS's argument).  Nonetheless, the Court found "[m]ore persuasive" decisions "that explicitly run through this two-step analysis before permitting a non-signatory to enforce an arbitration clause."  *Id.*  Under that analysis, the Court held that EIS

---

[3] *See, e.g.*, *Ridgeway v. Nabors Completion & Prod. Servs. Co.*, 725 F. App'x 472, 474 (9th Cir. 2018); *Adams v. AT&T Mobility, LLC*, 524 F. App'x 322, 324 (9th Cir. 2013); *Green v. Serv. Corp. Int'l*, 333 F. App'x 9 (5th Cir. 2009); *Sanzone-Ortiz v. Aetna Health of California, Inc.*, No. 15-cv-03334-WHO, 2015 WL 9303993, at *6, 11 (N.D. Cal. Dec. 22, 2015); *Kaselitz v. hiSoft Tech. Int'l, Ltd.*, 2013 WL 622382, at *6 (N.D. Cal. Feb. 15, 2013); *Belyea v. GreenSky, Inc.*, Case No. 20-cv-01693-JSC, 2021 WL 1338552, at *3 (N.D. Cal. Apr. 9, 2021); *Wang v. Bear, Stearns & Co.*, 2009 WL 10675213, at *1 (C.D. Cal. Nov. 12, 2009); *George v. Rushmore Service Center, LLC*, 18-cv-13698, 2020 WL 2319293, at *2 (D.N.J. May 11, 2020); *Clemons v. Midland Credit Management, Inc.*, 1:18-cv-16883-NLH-AMD, 2019 WL 3336421, at *3–4 (D.N.J. July 25, 2019); *Carrillo v. ROICOM USA, LLC*, 486 F. Supp. 3d 1052, 1062 (W.D. Tex. 2020); *Bayco Prod., Inc. v. ProTorch Co., Inc.*, No. 4:19-cv-00648-ALM, 2020 WL 2574626 (E.D. Tex. May 21, 2020).

OPPOSITION TO MOTION TO STRIKE
Case No. 4:21-cv-0326-VC

is not listed among the entities identified in the Overview and Acceptance of Terms, and so cannot enforce arbitration directly as a party, even if it "may well be … that all corporate affiliates of ConsumerInfo.com, Inc. can enforce the arbitration provision as third-party beneficiaries." *Id*. at 4. In that order, the Court did not address whether EIS in fact qualified as a third-party beneficiary, because EIS had not pressed that theory in its initial motion. Nor did EIS raise the third-party beneficiary theory for the first time "in its reply brief," *id.*, because it is improper in this Circuit for a party to raise a new legal argument for the first time in a reply. *E.g.*, *Dytch v. Yoon*, No. C-10-02915-MEJ, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011).

In lieu of impermissibly arguing third-party beneficiary for the first time in reply, EIS immediately renewed its motion to compel arbitration when faced with the unexpected denial of its initial motion to cure that perceived shortcoming. That course was expressly allowed by law. *Dillon*, 787 F.3d at 715. And it was particularly acceptable given the circumstances. EIS's original claim for direct enforcement, and its subsequent attempt to enforce as a third-party-beneficiary, are closely connected; literally the same provision of the Arbitration Agreement—*i.e.*, the one where "ECS" is defined to include "affiliate[s]" when describing how ECS and Plaintiffs have agreed to arbitrate—undergirds both arguments. The only difference is the legal formulation. Indeed, the two theories are so closely linked that Plaintiffs themselves recognized as much and anticipatorily briefed the issue, removing the possible unfairness that forfeiture doctrine exists to prohibit. *See, e.g.*, *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 930 (9th Cir. 2001) (considering forfeited issue because parties, who ultimately "discussed and briefed" it, were not prejudiced); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (noting that courts have "discretion to review an issue not raised by appellant ... when it is raised in the appellee's brief"). Given all of this, allowing EIS to file a renewed motion cannot be distinguished from allowing a party to cure "inadequate briefing," *Soto*, 2018 WL 10534324, at *2; to fix evidentiary gaps in the party's

original motion, *Lucas*, 875 F. Supp. 2d at 998 n.6; *Smith*, 2019 WL 3004160, at *3; or to raise legal grounds not previously briefed, *Benson*, 2019 WL 3430159, at *2–3 (rejecting claim of forfeiture in part because the movant's equitable estoppel theory stemmed from similar grounds as its prior assignment theory).

Plaintiffs acknowledge that parties may file a second motion to fix "evidentiary gap[s]," but nonetheless insist that filing a second motion to raise an unexpectedly necessary legal argument is somehow different. ECF No. 63, at 5. There is no principled basis to draw that distinction. As a general rule, parties must marshal both the facts and the law supporting their right to relief as soon as reasonably possible. If, however, that general rule is flexible when it comes to moving parties who have understandably failed to provide sufficient evidence with their initial motion to compel, it must be flexible enough to protect those who have understandably failed to anticipate the need to put their request for arbitration in a different legal bucket than the one they initially chose. *See, e.g., Dillon*, 787 F.3d at 715 (noting that defendants "not unreasonably" believed they submitted sufficient information with first motion). Plaintiffs also claim that "[i]nadequate briefing" is "not an exception to the normal rules that preclude a litigant from filing serial motions" based on new arguments. ECF No. 63, at 5. But "inadequate" briefing was precisely why this Court allowed a "renewed motion to compel" in *Soto*. 2018 WL 10534324, at *2. And it is hardly unusual for parties to raise arguments that could have been presented earlier (*e.g.*, by seeking summary judgment on a ground that could have been raised on the pleadings). Again, unless there is an applicable deadline or a Rule requiring an argument to be raised at a particular time (*e.g.*, Fed. R. Civ. Proc. 12(h)), a party does not forfeit the argument by not raising it at the first possible opportunity.

Finally, even if EIS is wrong about whether it has forfeited its right to move to compel as a third-party beneficiary, that is no basis on which to strike EIS's renewed motion. Courts always

have discretion to overlook a party's forfeiture and consider an argument anyway. *See, e.g.*, *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012) (allowing appellate courts to consider arguments that were not even raised in district court, to avoid injustice or to reach purely legal issues); *Koerner*, 328 F.3d at 1048 (noting "discretion to review an issue not raised by appellant ... when it is raised in the appellee's brief"). The same reasons that excuse EIS's failure to raise third-party-beneficiary arguments in its initial motion—including the case law supporting its decision to seek direct enforcement, the case law authorizing parties to file renewed motions to compel if necessary, and the strong federal policy favoring arbitration—would call for exercise of the Court's discretion to consider EIS's third-party-beneficiary argument even if it were forfeited.

## II.   EIS DID NOT WAIVE ITS RIGHT TO COMPEL ARBITRATION

Plaintiffs also argue that EIS has "waived" its right to compel arbitration as a third-party beneficiary. ECF No. 63, at 3. As Plaintiffs' own cases demonstrate, however, waiver applies only where there has been an "intentional relinquishment of a known right." *Doe v. Trump Corp.*, 6 F.4th 400, 409 n.6 (2d Cir. 2021); *see also Newirth v. Aegis Senior Communities*, LLC, 931 F.3d 935, 940 (9th Cir. 2019) (same). And again, given the strong federal policy favoring arbitration, courts find waiver of arbitration rights only when a party has clearly abandoned them. *Armstrong v. Michaels Stores, Inc.*, No. 17-cv-06540-LHK, 2018 WL 6505997, at *9 (N.D. Cal. Dec. 11, 2018) (explaining that "waiver of the right to arbitration is disfavored," and so "'any party arguing waiver of arbitration bears a heavy burden of proof'").

One of Plaintiffs' cited cases, *Giddings v. Media Lodge, Inc.*, provides an example of such a waiver in the arbitration context. *See* 320 F. Supp. 3d 1064, 1070–71 (D.S.D. 2018). There, the district court was uncertain whether the party seeking to compel arbitration wanted to argue that questions of arbitrability belonged to the arbitrator rather than the court, and asked the moving party for clarification. The moving party replied that "[s]uch an argument would be unsupported because

1  the arbitration provision … does not contain a delegation provision," and thus "acknowledge[d]

2  that the issue of arbitrability [wa]s properly before th[e] [c]ourt."  *Id.* at 1071.  Even though the

3  district court likely disagreed with the party regarding delegation, it held that moving party

4  "had waived any argument of the existence of a delegation provision."  *Id.*

5

6  Plaintiffs claim that EIS has similarly "affirmatively waived" its right to compel arbitration

7  as a third-party beneficiary.  ECF No. 63, at 5.  That is incorrect.  Reasonably relying on

8  considerable case law—including case law within this District—that expressly allowed parties in

9  EIS's shoes to enforce arbitration agreements directly, EIS's initial motion did not affix the label

10  "third-party beneficiary" to its grounds for compelling arbitration.  When Plaintiffs asserted that

11  EIS had to proceed under a third-party beneficiary theory, *see* ECF No. 39, at 18–19, EIS did not

12  *disclaim* its status as a possible third-party beneficiary or otherwise disown such an

13  argument.  Instead, it correctly stated that EIS's possible third-party status was "legally irrelevant"

14  because—again, consistent with considerable case law—EIS could enforce directly as a party to "a

15  valid agreement between [it] and Plaintiffs."  ECF No. 50, at 5–6.  There was no waiver on

16  this record.

17

18  **III.    EIS'S MOTION IS NOT BARRED BY LAW OF THE CASE**

19  Finally, Plaintiffs assert that EIS's renewed motion is barred by law of the case.  ECF

20  No. 63, at 3, 4 & n.1.  Plaintiffs are wrong.   The Court never decided whether EIS could compel

21  arbitration as a third-party beneficiary.  Indeed, Plaintiffs' opposition to EIS's original motion

22  pointed out that EIS had not raised such a claim, *see* ECF No. 39, at 18–19, and this Court's decision

23  on reconsideration left that question open, *see* ECF No. 58, at 4.  As this Court has never resolved

24  whether EIS may compel arbitration as a third-party beneficiary, law of the case does not defeat its

25  renewed motion, as the Fourth Circuit held in *Dillon* when rejecting a virtually identical argument.

26  *See* 787 F.3d at 715.

27

28

OPPOSITION TO MOTION TO STRIKE
Case No. 4:21-cv-0326-VC

Plaintiffs' cited cases are not to the contrary. To be sure, courts have noted that the law-of-the-case doctrine prevents a litigant from "offer[ing] up successively different legal or factual theories that could have been presented in a prior request for review." ECF No. 63, at 3 (quoting *Sec. Inv. Protection Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996)). But as Plaintiffs' own cases show, that principle applies to *issues already decided*, not ones never addressed. For example, in *Vigman*, the court held that the plaintiffs' new theory was either "subsumed within [the district court's] summary judgment [decision] on causation" (and was therefore "law of the case") or had been "abandoned on appeal" (in which case it was "waived"). In *Klay v. All Defendants*, the Eleventh Circuit applied law of the case to reject a second motion to compel only because its prior decision had already "reach[ed] the issue of the arbitrability of indirect RICO claim." 389 F.3d 1191, 1198 (11th Cir. 2004). In *Friends of the Earth, Inc. v. Mosbacher*, the court struck the portion of a second summary judgment brief that contained "an almost verbatim recitation of the arguments it raised in its first motion for summary judgment," but did *not* strike the portion addressing an issue "left open by the Court" in its initial decision. 2007 WL 962949, at *2 (N.D. Cal. Mar. 30, 2007). And in *Cape Flattery Ltd. v. Titan Maritime LLC*, the court struck defenses related to an arbitration agreement because it had already held (and the Ninth Circuit had already affirmed) that the claims "sound[ed] wholly in tort" and therefore did not "relate to the interpretation and performance of the agreement." 2012 WL 3113168, at *3, *6 (D. Haw. July 31, 2012). None of these decisions apply law of the case to prevent a litigant from raising an issue that has never been resolved, and so they do not thwart EIS's renewed motion to compel here.

## CONCLUSION

For the foregoing reasons, EIS respectfully request that the Court deny Plaintiffs' motion to strike, and consider the merits of the issues framed in EIS's renewed motion to compel arbitration.

OPPOSITION TO MOTION TO STRIKE
Case No. 4:21-cv-0326-VC

1    Dated:  November 29, 2021             JONES DAY

2

3                                               By: _____
                                                   John A. Vogt

4                                              Attorneys for Defendant
                                             Experian Information Solutions, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28