UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELETTRA MEEKS, et al.,

    Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

    Defendants.

Case No. 21-cv-03266-VC

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 70

    As the Court has already explained, discovery regarding liability as to the individual plaintiffs (that is, the type of discovery that normally occurs in arbitration) may proceed. Class-related discovery, on the other hand, may not proceed before appellate adjudication of this Court's ruling denying the motion to compel arbitration.

    In response to the plaintiffs' motion to compel, Experian argues that no discovery should proceed at all. Its lead argument in support of this position is as follows: (i) this Court has stated that only discovery that would be permissible in arbitration may proceed; (ii) no discovery is allowed in arbitration until the arbitrator expressly gives it the green light; (iii) no arbitrator has yet expressly permitted discovery between Experian and the plaintiffs; and therefore (iv) there should be no discovery at all in this litigation. That is ridiculous. The motion to compel arbitration has been denied, not granted. The point of limiting discovery to the type that would normally take place in arbitration is to protect Experian in the event that the Court of Appeals determines that this Court's ruling was erroneous. The point is not to pretend that the motion to compel has been granted and thus wait for some arbitrator who may never be appointed to allow discovery to move forward in this case.

The plaintiffs' motion to compel is granted. There is a strong argument that Experian and its counsel at Jones Day (including but perhaps not limited to John Vogt) should be held jointly and severally liable under Rule 37(a)(5) for the costs and attorneys' fees incurred by the plaintiffs in connection with this motion. The arguments by Experian and its counsel in response to the motion to compel appear wholly without basis, and counsel's conduct in the lead-up to the filing of this discovery dispute appears to have been wholly unreasonable. However, the Court will give Experian and its counsel one final chance. Any further baseless litigation conduct will result in sanctions.

**IT IS SO ORDERED.**

Dated: January 5, 2022

_____

VINCE CHHABRIA
United States District Judge