Craig C. Marchiando, Esq., (SBN 283829)
Leonard A. Bennett, Esq., (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: craig@clalegal.com
Email: lenbennett@clalegal.com

*Attorneys for Plaintiffs and the Classes*
[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ELETTRA MEEKS, JOSEPH DELACRUZ, STEPHANIE LAGUNA, AMBER LEONARD, and BECKY WITT, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; MIDWEST RECOVERY SYSTEMS, LLC; and CONSUMER ADJUSTMENT COMPANY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-03266-VC<br><br>**PLAINTIFFS' COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE WHY COUNSEL FOR PLAINTIFFS SHOULD NOT BE SANCTIONED FOR FAILURE TO APPEAR** |

Pursuant to the Court's directive, Plaintiffs' Counsel hereby responds to the Court's Order to Show Cause Why Counsel for Plaintiffs Should Not Be Sanctioned for Failure to Appear. (ECF 97.) For the reasons below, the Court should decline to sanction Plaintiffs' Counsel for what was an honest error.

## BACKGROUND

On July 8, 2022, Plaintiffs filed an administrative consent motion to enlarge certain deadlines in the Scheduling Order. (ECF 90.) The Court denied that motion on July 12 and set a status conference for July 13 "to discuss how to get this case back on track." (ECF 91.) The conference was scheduled to take place remotely, using Zoom. In response to the Court's instructions providing details

for the conference, on July 13 Plaintiffs' Counsel communicated with Chambers to provide the names of Counsel who would appear, and which Counsel would present on Plaintiffs' behalf. Plaintiffs' Counsel intended to and was fully prepared for the 1:30 pm conference.

Plaintiffs' Counsel, however, did not appear at the conference. Rather than attempting to access the conference using the Court's published Zoom link for Public Hearings, Counsel mistakenly used the link for Non-Public Hearings. (http91s://www.cand.uscourts.gov/judges/chhabria-vince-vc/.) This error caused Plaintiffs' Counsel's absence from the conference. Counsel did not learn of its error until the conference was completed, after contacting Counsel for Experian and being told that the conference had occurred. Plaintiffs' Counsel offers no excuse for its error, and apologizes to the Court, Defense Counsel, and their clients for causing a waste of their valuable resources.

## **DISCUSSION**

Federal Rule of Civil Procedure 16(f)(1)(A) grants the Court authority to sanction a party or its attorney for "fail[ing] to appear at a scheduling or other pretrial conference." FED. R. CIV. P. 16(f)(1)(A). Whether such sanctions are appropriate, and what form they should take, is within the Court's discretion. *Elizondo v. SeaWorld Parks & Ent., Inc.*, No. 20-cv-00829-GPC-BGS, 2021 WL 1923287, at *4 (S.D. Cal. May 13, 2021). The Court should decline to order sanctions here.

Sanctioning Plaintiffs' Counsel would be a harsh result for what was an honest mistake. Counsel was prepared for the conference and on time for its commencement, but used the incorrect Zoom link. Counsel patiently waited to be admitted to the conference, believing that they were waiting for other conferences that day to adjourn. Counsel apologizes for its error, and of course fully intended to appear as ordered. There is no excuse for Counsel's absence, but it was not the result of bad faith or an intent to miss the conference or inconvenience the Court, Parties, or their Counsel.

Plaintiffs' Counsel did not willfully disobey the Court's order setting the conference. It prepared for the conference, including telephone discussions with both Defendants prior to the conference, but made an inexcusable error when it attempted to log into the conference. Counsel submits that such an innocent mistake does not deserve to result in sanctions. And apart from this error, there have been no other events suggesting the Court should impose discipline or otherwise reprimand Plaintiff's

Counsel for its conduct. Plaintiffs' Counsel's participation in the case thus far further supports that the imposition of sanctions would not be appropriate for a single mistake.

Plaintiffs' Counsel apologizes for taking up the valuable resources of the Court, Parties, and Counsel for a conference that could not go forward in Plaintiffs' Counsel's absence. It asks that the Court and Parties forgive this single transgression. Plaintiffs' Counsel takes its obligations to all participants in the litigation process seriously, and does not take an error of this magnitude lightly. Plaintiffs' Counsel take full responsibility for the use of valuable resources, and fully understand the difficulties their absence at the conference causes. Plaintiffs' Counsel's error, however, was an isolated mistake, and one which Counsel assure the Court and opposing Counsel will not be repeated.

## CONCLUSION

Plaintiffs' Counsel recognize the complications its absence posed for the Court, Counsel, and Parties in an already complex case. Plaintiffs' Counsel sincerely apologizes for its absence and the resulting delay in discussing the case status as the Court planned. Plaintiffs' Counsel remains prepared to appear at the Court's convenience to further discuss these events or the progress of the case in general. And to the extent any sanctions are imposed, Plaintiffs' Counsel submits that two attorneys (Craig Marchiando and Andrew Guzzo) should be the only attorneys sanctioned as it was their error that caused the non-appearance.

Dated: July 14, 2022.                                Respectfully submitted,

By: ____*/s/ Craig C. Marchiando*____
Craig C. Marchiando, Esq., (SBN 283829)
Leonard A. Bennett, Esq., (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Kristi C. Kelly, Esq. (*pro hac vice*)
Andrew Guzzo, Esq. (*pro hac vice*)
**KELLY GUZZO, PLC**
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030

(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com

*Attorneys for Plaintiffs and the Class*