UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ELETTRA MEEKS, JOSEPH DELACRUZ, STEPHANIE LAGUNA, AMBER LEONARD, and BECKY WITT, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; MIDWEST RECOVERY SYSTEMS, LLC; and CONSUMER ADJUSTMENT COMPANY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-03266-VC<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS |

This matter comes before the Court on the Joint Motion for Preliminary Approval of Class Action Settlement Agreement. (ECF No. __113__.) The Settlement Agreement has been filed with the Court, (ECF No. __117-2__), and the definitions and terms set forth in the Settlement Agreement are incorporated herein by reference.

The Court, having reviewed the Settlement Agreement entered by the Parties, hereby ORDERS that:

1. The Court has jurisdiction over the subject matter of the Litigation and over each settling party.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement. As explained in *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036 (N.D. Cal. 2016), the Court's review of the Settlement at preliminary approval is not cursory, it is as rigorous as will be conducted at the final approval stage. The Settlement Agreement entered between the parties as of __June 1__, 2023 (ECF No. __117-2__), appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Classes. Accordingly, for settlement purposes only, the proposed settlement in preliminarily approved, pending a Final Approval Hearing, as provided for herein.

**The Rule 23(b)(2) Class**

3. The Court has considered the proposed settlement of the claims asserted by a class of consumers defined as follows (the "Rule 23(b)(2) Settlement Class"):

> All persons located in the United States (1) for whom CACI contacted in an attempt to collect a debt or communicated credit information about to Experian, Equifax, or Trans Union; (2) arising from a debt where the original creditor of the loan was either Plain Green, Great Plains, or MobiLoans; (3) within one year prior to the filing of this action.

4. As to the Rule 23(b)(2) Settlement Class, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

    a. The Rule 23(b)(2) Settlement Class appears to consist of more than 100 members that are geographically dispersed such that joinder of all members is impracticable;

    b. The Named Plaintiffs' claims appear to be typical of those of the other members of the Rule 23(b)(2) Settlement Class;

    c. There appear to be questions of fact and law that are common to all members of the Rule 23(b)(2) Settlement Class; and,

    d. the Named Plaintiffs appear to be able to fairly and adequately protect the interests of the Rule 23(b)(2) Settlement Class and have retained Class Counsel experienced in consumer class action litigation who appear to be able to adequately represent the Rule 23(b)(2) Settlement Class.

5. For settlement purposes only, the Court finds that the Rule 23(b)(2) Settlement Class is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because CACi's conduct is generally applicable to the Rule 23(b)(2) Settlement Class, so that final injunctive relief as set forth in Section 4.3 of the Settlement Agreement is appropriate respecting the Rule 23(b)(2) Class as a whole.

6. Because this portion of the Settlement is for injunctive relief under Fed. R. Civ. P. 23(b)(2), there shall be no ability for Rule 23(b)(2) Settlement Class Members to request exclusion

from the Settlement. All Rule 23(b)(2) Settlement Class Members shall therefore be bound by all subsequent proceedings, orders, and judgments in this action.

### The Rule 23(b)(3) Class

7. The Court has considered the proposed settlement of the claims asserted by the Rule 23(b)(3) Settlement Class, defined as:

> All persons located in the United States (1) for whom CACI collected payment from a consumer; (2) in connection with an account where the original creditor of the loan was either Plain Green, Great Plains, or MobiLoans; (3) within one year prior to the filing of this action. Excluded from the class are all persons who have signed a written release of their claim, counsel in this case, and the Court and its employees.

8. As to the Rule 23(b)(3) Settlement Class, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

   a. The Rule 23(b)(3) Settlement Class appears to consist of more than 100 members that are geographically dispersed such that joinder of all members is impracticable;

   b. The Named Plaintiffs' claims appear to be typical of those of the other members of the Rule 23(b)(3) Settlement Class;

   c. There appear to be questions of fact and law that are common to all members of the Rule 23(b)(3) Settlement Class; and

   d. the Named Plaintiffs appear to be able to fairly and adequately protect the interests of the Rule 23(b)(3) Settlement Class and have retained Class Counsel experienced in consumer class action litigation who appear to be able to adequately represent the Rule 23(b)(3) Settlement Class.

9. For settlement purposes only, the Court finds that the Rule 23(b)(3) Settlement Class is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because it appears that class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and that a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

10. As to class membership, the Rule 23(b)(3) Class List is determinative. No individual shall be bound by the Rule 23(b)(3) Settlement Class Release or entitled to the benefits of membership

in the Rule 23(b)(3) Settlement Class unless such individual appears on the Rule 23(b)(3) Class List. All Rule 23(b)(3) Settlement Class Members on the Class List shall be given the opportunity to opt out of the Rule 23(b)(3) Settlement Class. Such a consumer may request to be excluded from the Rule 23(b)(3) Settlement Class by sending and not revoking a written request for exclusion to the Settlement Administrator, sent to the address listed on the Rule 23(b)(3) Class Notice. To be valid, the proposed Rule 23(b)(3) Settlement Class Member's opt-out request must contain the proposed Rule 23(b)(3) Settlement Class Member's name, original signature, current postal address, and current telephone number, and a statement that the proposed Rule 23(b)(3) Settlement Class Member wants to be excluded from the class of Rule 23(b)(3) Settlement Class Members. To be valid, opt-out requests must be postmarked no later than ninety days after the Notice Date. To be valid, a request must not purport to opt out of the class of the Rule 23(b)(3) Settlement Class Members for a group, aggregate, or class involving more than one consumer. Requests for exclusions that do not substantially comply with the requirements in this Order are invalid. A Rule 23(b)(3) Settlement Class Member may revoke an opt-out request in writing. To be valid, opt-out revocations must be postmarked no later than the date of the Rule 23(b)(3) Final Judgment and Order.

11. Copies of all objections also must be se sent to the Clerk of Court, at Phillip Burton Federal Building & United States Courthouse 450 Golden Gate Avenue, San Francisco, CA 94102. Alternatively, objections may be filed using the Court's CM/ECF system. The objection must include the following: (a) the objector's name, address, and telephone number; (b) the name of this Litigation and the case number; and (c) a written statement detailing the specific basis for each objection. An objection submitted through an attorney must also contain: (a) the identity, mailing address, email address, fax number, phone number for the counsel by whom the Rule 23(b)(3) Settlement Class Member is represented; (b) a statement of whether the objecting Rule 23(b)(3) Settlement Class Member intends to appear at the Final Fairness Hearing; and (c) a written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Rule 23(b)(3) Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Rule 23(b)(3) Settlement Class Member wishes to introduce in support of the objection. Any Settlement Class Member who fails to timely file and serve a written objection—unless the Court

excuses the failure to object in writing for good cause—pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

### Findings Applicable to Both Settlement Classes

12. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

13. The Court appoints Plaintiffs Meeks, Delacruz, Laguna, and Leonard as the Class Representatives. The Court also appoints the law firms of Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Gupta Wessler, PLLC as counsel for the Settlement Class ("Class Counsel").

14. The Court appoints Continental DataLogix, LLC as Settlement Administrator for both Settlement Classes. The Settlement Administrator shall implement the agreed-upon Notice Plan in accordance with the Settlement Agreement. To the extent the Parties or Notice Administrator determine that ministerial changes to the Notices are necessary before disseminating either to the Settlement Class Members, they may make such changes without further application to the Court.

15. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on _Nov. 9, 2023_ (at least 150 days after entry of Preliminary Approval Order) at the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, at __1:00__ ~~AM~~/PM for the following purposes:

    (a) To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

    (b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

      (c)    To consider the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for a service award to the class representative; and

      (d)    To rule upon other such matters as the Court may deem appropriate.

The hearing will be held remotely using Zoom. The Court's Zoom courtroom can be found at: https://cand-uscourts.zoomgov.com/j/1612857657?pwd=WE5Gcm1zS293WU84V0tyd0c2Ulp1UT09. Additional information for attendance by Zoom is: webinar ID: 161 285 7657, and password: 547298.

16. The Court finds this manner of giving notice, satisfies the requirements of Fed. R. Civ. P. 23 and due process, and shall constitute due and sufficient notice to all persons entitled thereto.

17. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection to be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing. Notwithstanding this deadline, objections solely as to attorneys' fees or costs may be made no later than seven (7) days after the filing of a motion for the award of attorneys' fees or costs.

18. Copies of all objections also must be sent to the Clerk of Court, at Phillip Burton Federal Building & United States Courthouse 450 Golden Gate Avenue, San Francisco, CA 94102. Alternatively, objections may be filed using the Court's CM/ECF system. The objection must include the following: (1) the objector's name, address, and telephone number; (2) a sentence stating that, to the best of his or her knowledge, he or she is a member of the Settlement Class; (3) the factual basis and legal grounds for the objection to the Settlement; (4) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; (5) the name and address of any attorney who has drafted or helped draft the objection; and (6) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

19. All briefs, memoranda, petitions, and affidavits to be filed in support of an individual award to the Class Representative and in support in support of Class Counsel's application for fees,

1  costs and expenses, shall be filed not later than thirty-five (35) days before the Objection Deadline.
2  Any other briefs, memoranda, petitions and affidavits that Class Counsel intends to file in support of
3  final approval shall be filed not later than twenty-one (21) days before the Final Approval Hearing.

4  　　　20.　　Not later than forty-five (45) days before the Final Approval Hearing, the Notice
5  Administrator will cause a declaration to be filed with the Court that the Notice described above was
6  given as required herein.

7  　　　21.　　Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be
8  construed or used as an admission or concession by or against the Defendant or any of the Released
9  Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Settlement
10 Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any
11 claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released
12 Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion,
13 position, or determination of this Court, one way or the other, as to the merits of the claims and
14 defenses of Plaintiff, the Settlement Class Members, or the Defendant.

15 　　　22.　　The Court retains exclusive jurisdiction over this action to consider all further matters
16 arising out of or connected with the injunctive relief aspect of this settlement.

17 **It is SO ORDERED.**

19 DATED: ___June 1, 2023_____   _____

