1

2

3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

4

5

ELETTRA MEEKS, JOSEPH DELACRUZ,
STEPHANIE LAGUNA, AMBER LEONARD,
and BECKY WITT, *on behalf of themselves and*
*others similarly situated*,

6          Plaintiffs,

7

8     v.

9     CONSUMER ADJUSTMENT COMPANY,
INC.,

10

11          Defendant.

Case No.: 3:21-cv-03266-VC

~~REVISED~~    ~~[PROPOSED]~~    **ORDER**
**GRANTING FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT AND**
**CERTIFYING SETTLEMENT CLASSES**

12

13          Plaintiffs Elettra Meeks, Joseph Delacruz, Stephanie Laguna, and Amber Leonard,

14     individually and on behalf of the preliminarily certified Settlement Classes, have submitted to the

15     Court a Motion for Final Approval of the Settlement Agreement and Final Certification of the

16     Settlement Classes (ECF No. 124 or "Final Approval Motion").

17          This Court has reviewed the papers filed in support of the Final Approval Motion, including

18     the Settlement Agreement filed with Plaintiff's Preliminary Approval Motion, the memoranda and

19     arguments submitted on behalf of the Settlement Classes, and all supporting exhibits and declarations

20     thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing

21     on November 9, 2023, at which time the Parties and other interested persons were given an opportunity

22     to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with

23     the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement

24     Agreement is fair, adequate, and reasonable, and grants final approval to the Settlement.

25     **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

26          1.     This Final Approval Order incorporates herein and makes a part hereof the Settlement

27     Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized

28     terms used herein shall have the same meanings and definitions given to them in the Preliminary

United States District Court
Northern District of California

1    Approval Order and Settlement Agreement, as submitted to the Court with Plaintiff's Preliminary

2    Approval Motion.

3           2.      This Court has jurisdiction over matters relating to the Settlement, including, without

4    limitation, the administration, interpretation, effectuation and enforcement of the Settlement, the

5    Settlement Agreement, or this Final Approval Order.

6    **CERTIFICATION OF THE SETTLEMENT CLASSES AND APPOINTMENT OF CLASS**

7                    **COUNSEL AND CLASS REPRESENTATIVE**

8           3.      In the Preliminary Approval Order, this Court previously certified, for settlement

9    purposes only, a Rule 23(b)(2) Settlement Class defined as follows:

10          All persons located in the United States (1) for whom CACI contacted in an attempt
            to collect a debt or communicated credit information about to Experian, Equifax, or
11          Trans Union; (2) arising from a debt where the original creditor of the loan was
            either Plain Green, Great Plains, or MobiLoans; (3) within one year prior to the filing
12          of this action.

13          4.      Certification of the Rule 23(b)(2) Settlement Class is hereby reaffirmed as a final

14   Settlement Class under Federal Rule of Civil Procedure 23(b)(2). For the reasons set forth in the

15   Preliminary Approval Order, this Court finds, on the record before it, that this action may be

16   maintained as a class action on behalf of the Rule 23(b)(2) Settlement Class.

17          5.      In the Preliminary Approval Order, this Court previously certified, for settlement

18   purposes only, a Rule 23(b)(3) Settlement Class defined as follows:

19          All persons located in the United States (1) for whom CACI collected payment
            from a consumer; (2) in connection with an account where the original creditor of
20          the loan was either Plain Green, Great Plains, or MobiLoans; (3) within one year
            prior to the filing of this action. Excluded from the class are all persons who have
21          signed a written release of their claim, counsel in this case, and the Court and its
            employees.
22

23          6.      Certification of the Rule 23(b)(3) Settlement Class is hereby reaffirmed as a final

24   Settlement Class under Federal Rule of Civil Procedure 23(b)(3). For the reasons set forth in the

25   Preliminary Approval Order, this Court finds, on the record before it, that this action may be

26   maintained as a class action on behalf of the Rule 23(b)(3) Settlement Class.

27          7.      In the Preliminary Approval Order, this Court previously appointed Plaintiffs Meeks,

28

1   Delacruz, Laguna, and Leonard as Class Representative for both the Rule 23(b)(2) Settlement Class

2   and Rule 23(b)(3) Settlement Class, and hereby reaffirms that appointment, finding, on the record

3   before it, that Plaintiff has and continues to adequately represent Rule 23(b)(2) Settlement Class

4   Members and Rule 23(b)(3) Settlement Class Members.

5          8.      In the Preliminary Approval Order, this Court previously appointed the law firms of

6   Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Gupta Wessler, PLLC as Class Counsel

7   for settlement purposes only and hereby reaffirms that appointment, finding, on the record before it,

8   that Class Counsel have and continue to adequately and fairly represent Rule 23(b)(2) Settlement Class

9   Members and Rule 23(b)(3) Settlement Class Members.

10                                  **NOTICE TO THE CLASSES**

11         9.      The record shows, and the Court finds, that class notice has been given to the Settlement

12  Classes in the manner approved by the Court in its Preliminary Approval Order and as set forth in the

13  Rule 23(b)(2) Notice Plan and the Rule 23(b)(3) Notice Plan. The Court finds that such notice

14  constitutes: (i) the best notice practicable to the Rule 23(b)(2) Settlement Class and Rule 23(b)(3)

15  Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the

16  circumstances, to apprise the Rule 23(b)(2) Settlement Class and Rule 23(b)(3) Settlement Class of

17  the pendency of this Litigation and the terms of the Settlement Agreement, their rights to opt out (for

18  the Rule 23(b)(3) Settlement Class only) or object to any part of the Settlement, their rights to appear

19  at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and

20  the binding effect of the Final Approval Order, whether favorable or unfavorable; (iii) due, adequate,

21  and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully

22  satisfies the requirements of the United States Constitution (including the Due Process Clause),

23  Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

24         10.     Due and adequate notice of the proceedings having been given to the Rule 23(b)(2)

25  Settlement Class and Rule 23(b)(3) Settlement Class and a full opportunity having been offered to all

26  Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all

27  Settlement Class Members are bound by this Final Approval Order, and no Class Members have asked

28  to be excluded from the Settlement.

**FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

11.    Under Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Rule 23(b)(2) Settlement Class Members and Rule 23(b)(3) Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of both Settlement Classes, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiff's claims and any defenses of the Defendant, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Rule 23(b)(2) Settlement Class Member and/or Rule 23(b)(3) Settlement Class Member (except for the ones listed in Exhibit 1) bound by the Settlement Agreement, including any releases therein.

12.    Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

a.    This Litigation was complex and time consuming and would have continued to be so through summary judgment or trial if it had not settled;

b.    Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Litigation while negotiating the Settlement;

c.    The relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction and liability;

d.    The Settlement was the result of arm's-length, good faith negotiations and exchange of information by experienced counsel;

e.    The reaction of the class to the Settlement has been positive, with no objections.

13.    Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

1

**BENEFITS TO THE CLASS**

2

14.    In accordance with Section 4.3 of the Settlement, the Court is contemporaneously

3

entering the Agreed Injunctive Relief Order requiring CACi to implement the changes and procedures

4

stated therein.

5

**DISMISSAL OF CLAIMS AND RELEASES**

6

15.    This Litigation and all Released Claims of Rule 23(b)(2) Settlement Class Members

7

and Rule 23(b)(3) Settlement Class Members are hereby dismissed with prejudice and, except as

8

otherwise provided herein or in the Settlement Agreement, without costs to any party.

9

16.    Under the Settlement Agreement, as of the Effective Date of this Settlement, Plaintiffs

10

and each member of the Settlement Classes shall be deemed to have fully, finally, and forever released

11

and discharged means CACi and each of its members, owners, shareholders, unitholders, predecessors,

12

successors (including, without limitation, acquirers of all or substantially all of CACi's assets, stock,

13

units, or other ownership interests) and assigns; the past, present, and future, direct and indirect,

14

parents (including, without limitation, holding companies), subsidiaries and affiliates of any of the

15

above; and the past, present, and future principals, trustees, partners, insurers, officers, directors,

16

employees, agents, advisors, attorneys, members, owners, shareholders, unitholders, predecessors,

17

successors, assigns, representatives, heirs, executors, and administrators of any of the above

18

("Released Parties") from any and all Released Claims, as defined below:

19
20
21
22
23
24
25

"Rule 23(b)(2) Settlement Class Released Claims" are the claims of each member of the Rule 23(b)(2) Settlement Class that (a) have been alleged in this Litigation, relating to the Covered Conduct and (b) are asserted on behalf of a purported class of indiviudals.  Rule 23(b)(2) Settlement Class Released Claims do not include claims separate and unrelated to the Covered Conduct or claims brought under 15 U.S.C. § 1681s-2(b) or collection action for accounts other than the Great Plains, Plain Green, or MobiLoan accounts. Each member of the Rule 23(b)(2) Settlement Class will acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged, subject to the limitation herein below.  Notwithstanding the foregoing, the Rule 23(b)(2) Settlement Class Members do not release any claims asserted on a non-representative, individual basis.

26

27
28

"Rule 23(b)(3) Settlement Class Released Claims" means claims of each member of the Rule 23(b)(3) Settlement Class that were actually asserted in the operative complaint and/or the Covered Conduct in this Litigation against CACi. Rule

23(b)(3) Settlement Class Released Claims do not include claims separate and unrelated to the Covered Conduct, claims alleged against other entities other than CACi, or claims brought under 15 U.S.C. § 1681s-2(b) or for collection conduct for accounts other than Great Plains, Plain Green, or MobiLoan accounts. Notwithstanding any of the foregoing, this release does not include any claims that the Rule 23(b)(3) Class Members have against any consumer reporting agency, Midwest Recovery Systems, LLC, Reel Time Capital, LLC, Global Trust Management, LLC or any future owner of the Great Plain, Plain Green, or MobiLoan debts.

17.    The Release shall not pertain to claims relating to conduct occurring or actions taken by any Released Party after the Effective Date.

18.    The release in the Settlement Agreement may be raised as a complete defense and bar to any action or demand brought in contravention of the Settlement Agreement.

**AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS**

19.    Under Federal Rule of Civil Procedure 23(h), on September 5, 2023, Class Counsel applied to the Court for an award of attorneys' fees, costs, and service awards for the Named Plaintiffs with regard to the Rule 23(b)(3) Settlement. (ECF No. 121.)  Pursuant to the Settlement Agreement, Class Counsel requested reasonable attorneys' fees and reimbursement of costs of $109,010.25 (or 25 percent of the Settlement Fund) to be paid out of the Settlement Fund. The amount of the Service Award that Plaintiff requested is $5,000.00 per plaintiff, and it is to be paid from the Settlement Fund.

20.    No Class Member or Government entity has objected to Class Counsel's request.

21.    The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of Class Counsel's request for attorneys' fees and reimbursement of costs, approves an award of attorneys' fees and reimbursement of costs to Class Counsel in the amount of $109,010.25. The Court finds that this amount is reasonable and appropriate under all of the circumstances presented.

22.    The Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. Moreover, the Service Award is justified by the time and effort expended by Plaintiffs on behalf of the Rule 23(b)(3) Settlement Class Members and the risk they assumed in bringing this action. Accordingly, the Court finds that Plaintiffs Meeks,

1    Delacruz, Laguna, and Leonard shall be awarded $5,000 each for their efforts, to be paid from the

2    Settlement Fund.

3        23.    The Court further notes that the requested attorneys' fees, the reimbursement of costs,

4    and the Service Award were included in the notice materials disseminated to the Settlement Class.

5        24.    The attorneys' fees, reimbursement of costs, and Service Award shall be paid by the

6    Settlement Administrator within five (5) days after the Effective Date, but only after receipt of

7    payment instructions from Class Counsel and receipt of W9 forms completed by Class Counsel and

8    the Named Plaintiffs, and otherwise subject to the requirements in the Settlement Agreement.

9        25.    However, the Settlement Administrator shall withhold from this payment 10% of the

10    award of attorneys' fees, $10,901.03, pending the filing by Class Counsel of a Post-Judgment

11    Distribution Accounting within 21 days after the settlement funds have been fully distributed to Class

12    Members (but before any *cy pres* distribution). The Post-Distribution Accounting shall contain:

13        a.    A statement of when payments were made to Class Members, and the number

14            of members who were sent payments;

15        b.    The total amount of money paid out to members, including the average and

16            median recovery per Class Member;

17        c.    The largest and smallest amount paid to Class Members;

18        d.    The number and value of cashed and uncashed checks;

19        e.    The number of members who could not be contacted;

20        f.    The amount to be distributed to each *cy pres* recipient;

21        g.    Any significant or recurring concerns communicated by members to the

22            settlement administrator and counsel since final approval; and

23        h.    Any other issues in settlement administration since final approval, and how any

24            concerns or issues were resolved.

25                            **OTHER PROVISIONS**

26        26.    The Parties are hereby directed to carry out their obligations under the Settlement

27    Agreement.

28

7

27.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Approval Order and that do not limit the rights of Rule 23(b)(2) Settlement Class Members and/or Rule 23(b)(3) Settlement Class Members under the Settlement Agreement.

28.    In the event that the Settlement becomes null and void, certification of the Rule 23(b)(2) Settlement Class and Rule 23(b)(3) Settlement Class shall be automatically vacated and this Final Approval Order, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

29.    This Final Approval Order is final for purposes of appeal and may be appealed immediately.

**It is SO ORDERED.**

DATED: ___December 18, 2023___    _____

United S[...]

APPROVED

Judge Vince Chhabria

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA